IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02695–KMT–BNB


DENVER NMR, INC.,

     Plaintiff,

v.

FRONT RANGE MOBILE IMAGING, INC.,

     Defendant.

---

## ORDER

---

    This matter is before the court on Defendant Front Range Mobile Imaging, Inc.'s ("Front Range") "Motion to Permit First Amended Answer, Joinder of Additional Party and Cross-Claim" ("Mot.Amd.")[Doc. No. 25, filed April 24, 2009]. Denver NMR, Inc. ("DNMR") filed "Plaintiff's Response to Motion to Permit First Amended Answer, Joinder of Additional Party and Cross-Claim" (herein "Rsp.") on May 11, 2009. [Doc. No. 27.] Front Range filed a Reply on May 20, 2009. [Doc. No. 28.] The motion is ripe for review and ruling.

    Front Range seeks to amend its Answer to add a cross claim against Catholic Health Initiatives Colorado ("CHIC"), asserting that to the extent Front Range is found liable to DNMR, CHIC should have apportioned liability.

**SUMMARY OF LITIGATION**

The parties, including the proposed new cross-claim defendant CHIC, are involved in several lawsuits arising out of a settlement agreement entered into between DNMR and CHIC concerning the exclusive ownership, operation, and control of an MRI facility at St. Anthony North Hospital in Westminster, Colorado.  (See Rsp. at ¶ 2.)  It does not appear to be disputed that the settlement agreement at issue in all the cases between these parties allowed for DNMR to have a right of first refusal to own and operate an MRI facility at St. Anthony's North hospital. (Compl., Doc. No. 1, at ¶ 8.)   The disputes apparently center over whether DNMR would be forced to accept the exact terms of another entity's bid for operation of an MRI facility at the hospital and whether failure to do so forfeits the right of first refusal if DNMR proposed new or different terms.  DNMR is the plaintiff against CHIC in a Denver District Court lawsuit where the primary dispute is that CHIC used a 100% owned subsidiary as the entity DNMR was forced to bid against for the MRI facility and whether DNMR forfeited its right of first refusal when it did not agree to the terms of the subsidiary's offer. *(Id*. at ¶ 3.)  At some point in the process, CHIC entered into an agreement with Front Range to own and operate an MRI facility at the hospital, and Front Range essentially took the place of the CHIC subsidiary as the entity against which DNMR was forced to bid.  The Denver case was dismissed by the District Court, appealed to the Court of Appeals, and is now back at the District Court with instructions from the appellate court.  (Id. at ¶ 4; Exh. A. at 9-10.)  The Court of Appeals held that the subsequent dealings between CHIC and Front Range were not properly considered as part of the Denver dispute. (Id. Exh. A at 10).

2

After the Court of Appeals ruling, DNMR filed suit against CHIC again, this time in the Arapahoe District Court where the primary dispute concerns the use of Front Range as the entity against which DNMR was forced to bid to exercise its right of first refusal.  (Id. at ¶ 5.)  It appears to this court from the brief descriptions given that the two cases are similar in that, at different points in time, CHIC obtained proposals first from its wholly owned subsidiary and later from Front Range, to own, manage and operate an MRI facility at St. Anthony's Hospital North and then submitted those bids to DNMR to consider whether DNMR would exercise a right of first refusal in order to own, manage and operate an MRI facility at St. Anthony's Hospital North itself.

On December 11, 2009, some eleven months after filing suit against CHIC in Arapahoe County District Court concerning DNMR's rights pursuant to the settlement agreement with CHIC, DNMR initiated this federal suit, making claims against Front Range, separate and apart from CHIC, alleging that the proposal Front Range presented to CHIC and against which DNMR was to exercise its right of first refusal, was false and that Front Range never intended to own, operate and manage an MRI facility in the hospital.  (Compl. at ¶¶ 15-22.)  DNMR alleges that Front Range colluded with CHIC; on this basis, DNMR alleges Front Range committed intentional interference with a prospective business relationship between DHIC and DNMR and that they committed negligent misrepresentation and fraud.

Now Front Range seeks permission to amend its Answer to bring CHIC into the federal case as a joint tortfeasor and third-party defendant.  DNMR opposes the amendment and asserts that Front Range could file a designation of nonparty to obtain apportionment pursuant to Colo.

3

Rev. Stat. 13-21.111.5 with CHIC and that adding in CHIC as a third-party defendant could

destroy diversity jurisdiction of this court if DNMR and CHIC were to bring claims against each

other.

### *LEGAL STANDARDS*

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings

"when justice so requires."  The grant or denial of an opportunity to amend is within the

discretion of the court, but "outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365 (10th Cir. 1993).  The Tenth Circuit has concluded that the timeliness of the

amendment and the prejudice to a defendant are to be the crux of the inquiry.  *Minter v. Prime

Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

An amendment to bring a third-party complaint is futile only if the third-party plaintiff

can prove no set of facts in support of his amendment that would entitle him to relief.  *E.g.,

Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).  A district court is clearly justified

in denying a motion to amend as futile only if the proposed amendment cannot withstand a

motion to dismiss or otherwise fails to state a claim.  *See Ketchum v. Cruz*, 961 F.2d 916, 920

(10th Cir. 1992).  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given

freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

### ANALYSIS

The deadline for Joinder of Parties and Amendment of Pleadings was April 30, 2009. (Scheduling Order, Doc. No. 19, at § 8(a).)  Therefore this motion was timely filed pursuant to Fed. R. Civ. P. 16.  Since the motion was filed timely in accord with the Court's previous Order, there is no issue of undue delay.

Further, there does not appear to be any ground to support a claim of prejudice by allowing the amended answer.  Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  *Deakyne v.Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).  The party opposing the amendment of the pleadings has the burden of showing prejudice.  *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).  The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.   In this matter, the newly added claims are not against Plaintiff DNMR.  The claims are based on the allegations DNMR has itself made in two state court cases against the same proposed third-party defendant, CHIC.  The theories of the plaintiff against Front Range are not impacted since the accusation against Front Range is collusion with CHIC to propose a falsified agreement to provide MRI services at St. Anthony's

Hospital North.  The addition of CHIC as a party who may share in liability of Front Range, if any, is entirely logical.

The primary thrust of DNMR's objection to the amendment is a form of "futility." DNMR argues that if CHIC wanted to assert claims against DNMR arising out of the transaction and if DNMR wanted to assert claims against CHIC, all arising out of the same transaction or occurrence pursuant to Fed. R. Civ. Pro. 14(a), then diversity would be destroyed and this court would lose its subject matter jurisdiction.

A.      Supplemental Jurisdiction

The United States Supreme Court has explained that jurisdiction is determined at the time an action is commenced, and jurisdiction is not defeated by later events, including "the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties."  *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). *See also Wichita R. & Light Co. v. Public Utilities Comm'n*, 260 U.S. 48, 54 (1922)).

Title 28 U.S.C. § 1367 provides

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against

persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil
Procedure, or over claims by persons proposed to be joined as plaintiffs under
Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such
rules, when exercising supplemental jurisdiction over such claims would be
inconsistent with the jurisdictional requirements of section 1332.

*Id.*

It has long been the rule that to satisfy the diversity of citizenship requirement of 28

U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be

a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

365, 373-74 (1978). Moreover, "[d]iversity jurisdiction, once established, is not defeated by the

addition of a non-diverse party to the action." *Freeport-McMoRan, Inc.* at 428.

Courts addressing the meaning of 'the plaintiff' in Section 1367(b) have held that

§ 1367(b) refers to the original plaintiff in the action--not to a defendant that happens also to be a

counter-plaintiff, cross-plaintiff, or third-party-plaintiff. *See  Grimes v. Mazda N. Am.*

*Operations*, 355 F.3d 566, 573 (6th Cir.2004) ("The supplemental jurisdiction provision, 28

U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs--but not defendants or

third parties--from circumventing the requirements of diversity."); *Viacom Int'l, Inc. v. Kearney*,

212 F.3d 721, 726-27 (2d Cir.2000) ("Significantly, § 1367(b) reflects Congress' intent to

prevent original plaintiffs--but not defendants or third parties--from circumventing the

requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th

Cir.1998) ("Thus, the limitation of § 1367(b) applies only to plaintiffs' efforts to join nondiverse

parties."); *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d

Cir.1996) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of

plaintiffs against 'persons made parties under Rule 14, 19, 20, or 24,' and of parties who join or intervene as plaintiffs pursuant to Rule 19 or 24."); *Travelers Indem. Co. of America v. Holtzman Properties, L.L.C.*, 2008 WL 3929574, *4 -5 (E.D. Mo. 2008)(section 1367(b) is designed only to prevent plaintiffs from asserting claims they otherwise would not be able to bring for want of subject matter jurisdiction, and does not affect defendants.)

It is clear, then, that as an initial starting point the limitation of § 1367(b) generally applies only to plaintiffs' efforts to join nondiverse parties. See, e.g., Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute-A Constitutional and Statutory Analysis*, 24 ARIZ. ST. L.J. 849, 857 (1992) ( "[T]he statute exempts defendants from the restrictions of § 1367(b) and thus fully preserves supplemental jurisdiction for claims asserted by defendants in all actions, whether founded on federal question, diversity of citizenship, or any other jurisdictional basis").

The legislative history of Section 1367(b) bolsters this interpretation.  The House Report discussing § 1367(b)'s history states that the purpose of this section is to prevent "plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis." H.R. No. 101-734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875; *see also* 28 U.S.C.A. § 1337 Practice Commentary (West 1993) (noting that the purpose of § 1367(b) is to prevent the "efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose"). Thus, although Congress in enacting § 1367 appeared to want to enable parties to resolve in one action

8

all of their disputes arising from the same core of facts to conserve judicial resources, it did not

want plaintiffs to be able to plead a complaint so as to force a nondiverse case into federal court.

Because defendants are involuntarily brought into court, their joinders and impleaders were not

deemed as suspect as those of the plaintiff, who is master of his complaint.

The Tenth Circuit ruled that a district court has ancillary jurisdiction over the defendant's

Rule 14 claims without regard to whether there is an independent basis for jurisdiction, if the

court had jurisdiction over the main claim between the parties. *King Fisher Marine Service, Inc.*

*v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir.1990). The court noted that "a rule that

ancillary jurisdiction of a third-party claim terminates on a determination of the main claim

[would] seriously impair the utility of the Rule [14], breed confusion and generate many sterile

jurisdictional disputes." *Id*. at 1172.  Consistent with the general distrust of plaintiff's with

respect to selective joinder of defendants for the sole purpose of obtaining diversity jurisdiction

of a federal court, the Tenth Circuit has held that only if the later-joined, non-diverse party was

indispensable to the action at the time it commenced will diversity jurisdiction be affected. *Salt*

*Lake Tribune Pub. Co.*, LLC v. AT & T Corp., 320 F.3d 1081, 1095 -1096 (C.A.10 2003);

*Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir.1982) ("Once jurisdiction is

grounded in diversity, it is not lost by the intervention ... of a party whose presence in the action

is not indispensable ....").

Therefore, Defendant's request to add CHIC as a third-party defendant will not destroy

diversity nor will it rob the court of jurisdiction.

**B.      *Res Judicata, Younger* and *Rooker-Feldman***

Further, the plaintiff's potential claims against the proposed third-party defendant CHIC

would also likely be barred by the *Younger* doctrine, *res judicata* or the *Rooker-Feldman*

doctrine.  The *Younger*[1] doctrine requires that federal courts refrain from interfering with state

court proceedings by granting equitable relief — such as injunctions of important state

proceedings or declaratory judgments regarding constitutional issues in those proceedings —

when such relief could be sought in the state court. *Amanatullah v. Colo. Bd. of Med. Exam'rs*,

187 F.3d 1160, 1163 (10th Cir. 1999).   A federal court must abstain from exercising jurisdiction

when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state

court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the

state proceedings "involve important state interests, matters which traditionally look to state law

for their resolution or implicate separately articulated state policies." *Id.*  If these conditions are

met, abstention is nondiscretionary and must be invoked.  *Id.*   Clearly the three conditions of

*Younger* would be met if DNMR and CHIC brought their identical claims against one another in

this case.

Further, if DNMR's state court cases are resolved prior to the resolution of this federal

action and either DNMR or CHIC thereafter sought to raise their claims in this case, the claims

likely would be barred by *res judicata* and the *Rooker-Feldman* doctrine.  *Rooker v. Fidelity*

*Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

---

[1]*Younger v. Harris*, 401 U.S. 37 (1971).

462 (1983). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). The doctrine is, however, confined to cases where the state-court loser filed suit in federal court after the state proceedings became final. *Id.* at 291; *Sheriff v. Accelerated Receivables Solutions, Inc*., No. 06–8088, 2008 WL 2487920, at *3 (D. Wyo. June 23, 2008).

"The doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir.2005). *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel. *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n 2 (10th Cir. 1987). *Res judicata*, usually referred to as claim preclusion in this circuit, requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp*., 186 F.3d 1222, 1226 (10th Cir.1999). If these requirements are met, *res judicata* or claim preclusion is appropriate unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the prior suit. *Id.* at n.4.

There is a fair probability that one of these preclusive doctrines will bar DNMR and CHIC from raising cross or counterclaims against one another. Therefore, adding CHIC as a

third-party defendant at this point is very likely to have no affect on this court's diversity jurisdiction.  Therefore, the amendment of the answer is not futile.

WHEREFORE it is **ORDERED**

Defendant Front Range Mobile Imaging, Inc.'s "Motion to Permit First Amended Answer, Joinder of Additional Party and Cross-Claim" [Doc. No. 25] is **GRANTED.**  The First Amended Answer and Cross-Claim, attached to the Motion as Exhibit 1, shall be accepted. Defendant is **ORDERED** to file a separate copy of its Amended Answer and Cross-Claim with the Clerk of the Court on or before **June 4, 2009.**  Defendant is further ORDERED to effect proper service upon Catholic Health Initiatives Colorado, d/b/a Centura Health-St. Anthony North Hospital, and file a return of service on or before **June 30, 2009.**  The Defendant shall serve a copy of this Order on Catholic Health Initiatives Colorado at the time of effecting service.

It is further **ORDERED**

A status conference is scheduled for **July 16, 2009 at 9:00 a.m.** in Courtroom C-201, Byron Rogers Federal Courthouse, 1929 Stout Street, Denver, Colorado 80294.  The parties

should be prepared to discuss discovery scheduling issues and any necessary amendments to the

discovery schedule.

      Dated this 1st day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge