**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-CV-02695 REB-BNB

DENVER NMR, INC.

          Plaintiff,

    v.

FRONT RANGE MOBILE IMAGING, INC.

          Defendant.

---

STIPULATED PROTECTIVE ORDER

---

## **INTRODUCTION**

The subject matter of this case involves the establishment and operation of a facility to provide of magnetic resonance imaging services to hospital patients.  As a consequence, the disclosure and discovery processes will involve the exchange among the Parties of information that the law recognizes should be protected from public dissemination; specifically, the nonpublic personal health information of patients and the confidential and proprietary information of the Parties, such as nonpublic pricing, agreements, patient lists, bidding processes, pricing of goods and services, financial information, evaluations, competitive analyses, and other information entitled to protection as trade secrets.  The purpose of this Stipulation and proposed Protective Order (the "Order") is to establish the procedures by which such information shall be defined, designated, exchanged, and otherwise protected from public disclosure.

## **LEGAL STANDARD**

A protective order is appropriate in this case to protect two categories of information likely to be exchanged between the Parties that the law recognizes warrants protection from public dissemination.   The first category is nonpublic personal individually identifiable health information of patients to whom the Parties provide services.  That information is protected from disclosure or improper use by federal and state health information confidentiality provisions, including the Administrative Simplification section of the Health Insurance Portability and Accountability Act of 1996, as codified at 42 U.S.C. § 1320d through d-8 ("HIPAA"), and the requirements of any regulations promulgated thereunder, including without limitation, the federal privacy regulations as contained in 45 C.F.R. Part 164 and the federal security standards as contained in 45 C.F.R. Part 142.  Consequently, courts recognize the need to fashion protective orders which will protect individually identifiable personal health information. *See, e.g., U.S. ex rel Camillo v. Ancilla Systems, Inc.,* 233 F.R.D. 520, 522 (S.D. Ill. 2005).  The second category of protected information in this case consists of confidential and proprietary information of the Parties, which the Federal Rules of Civil Procedure explicitly recognize warrant protection.  Fed. R. Civ. P. 26(c)(1)(G) (formally Fed. R. Civ. P. 26(c)(7)); *see also Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325-26 (10th Cir. 1981) (recognizing appropriateness of a protective order to protect trade secrets).  The Court may enter this proposed Order on a "generalized as opposed to a document-by-document basis."  *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

## STIPULATION AND AGREEMENT

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following Order:

1.      Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute: (1) nonpublic personal information or (2) trade secrets and/or confidential or proprietary information of such Party or a third party, including but not limited to nonpublic programs, protocols or procedures developed for the delivery of patient care or the management of patient care, data extractions, data reports, utilization review, quality review and risk management documentation with respect to patient services and pricing, agreements, patient lists, bidding processes, pricing of goods and services, financial information, evaluations, competitive analyses, financial, and technical data, forecasts, current or historical data, vendor pricing information, diagnosis, physician orders and such other confidential information of such Party or third parties as may be designated as "Confidential", "Confidential Information").  As used herein, Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things,

3

and (d) expert reports.  Before designating any Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection.  A parties failure to designate information as confidential shall not preclude such information from treatment as Confidential Information under this Order if such information falls within the categories set forth in this Paragraph 1. The handling of such Confidential Information shall be made in accordance with the terms of this Order.

2.      A party may designate Confidential Information by marking or otherwise identifying the material in writing as "Confidential."  The fact that a Party previously has provided any such information to the other party without execution of a confidentiality agreement or issuance of this Order shall not prevent such information from being deemed Confidential Information for purposes of this Order.

3.      If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice.  Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter.  Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4

4.      Any Party (the "Requesting Party") may at any time request in writing that any Confidential Information be released from the requirements of this Order, and, unless otherwise agreed in writing, the Party producing such material ("Producing Party") shall meet and confer with the Requesting Party within ten (10) days of receipt of a request.  If an agreement cannot be reached by negotiation, the Requesting Party may file a motion seeking to de-designate the document.  In the event that such motion is made in accordance with the procedures herein and applicable rules of this Court, the Confidential Information shall be submitted to the Court under seal for the Court's review, and the terms of this Order shall continue to apply to such Confidential Information until the Court rules on the motion.  The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

5.      All Confidential Information received from any Producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function.  To that end, the parties shall not distribute or disclose any Confidential Information received in this litigation to any third party, except on a need to know basis.  A third party is defined as any individual not identified in paragraph 7 and 8 of this Protective Order.  Any distribution or disclosure of Confidential Information to a third party must comply with this Protective Order.  Furthermore, counsel to the Parties shall make a reasonable and good faith effort to ensure that no documents or information disclosed in this litigation, including documents that are not designated as Confidential Information, are used for any prohibited purpose.

5

6.      Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraphs 7 and 8.

7.      Confidential Information may only be disclosed to the following persons:

i.i              The Parties who, for purposes of this Order, are:

                    a.a      Plaintiff -- Drs. Okin, Lortscher and Spangler

                    a.a      Defendant – Mr. Lyle Johnson

i.ii             Outside counsel of record for any Party to this action;

i.iii            Paralegal, stenographic, clerical and secretarial personnel employed by counsel to the Parties (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

i.iv            In-house counsel employed by a Party to this action (including their staff whose functions require access to such information), business persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

i.v             Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

i.vi        Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

i.vii        Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

i.viii        Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

i.ix        Any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

i.x        Any person as ordered by the Court.

2.        Any Party to this Order may designate any information, document, or thing produced in connection with this litigation as "Highly Confidential/Attorneys Eyes Only Information."  Such designation shall apply only to materials and information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the Party or non-party holding the proprietary rights thereto, and materials and information that might reasonably pose a commercial disadvantage to the

Producing Party.   Any information, document or thing designated as "Highly Confidential/Attorneys Eyes Only Information" may only be disclosed to:

3. (a) The Parties;

4. (b) Outside counsel of record for any Party to this action and any paralegal, stenographic personnel, clerical personnel, photocopy service personnel, document management personnel (including coders and data-entry personnel), and secretarial personnel employed by outside counsel.

5. (c) Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators.

6. (d) A non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate.

7. (e) Independent experts or technical and/or business consultants or similar persons whose assistance may be required for preparation for and/or trial of this action and who are retained by a Party for the purpose of assisting with the prosecution or defense of this action, provided such persons are not employees, officers or agents of any Party to this action or employees, officers or agents of a competitor of any Party to this action.

8. Any person to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms,

8

and shall certify that he or she has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A.  Counsel making disclosure to any person as described hereinabove shall retain the original executed copy of said certificate and provide a copy of said certificate to counsel for the Producing Party, upon good cause shown or agreement of the Parties.  Counsel shall further undertake a reasonable and good faith effort to ensure that any such persons cannot utilize any Confidential Information or other documents or information produced in this litigation except as permitted by Paragraph 5 of this Order.

9.       The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

10.     11.      The provisions of this Order are without prejudice to the right of any Party to this Order to:

11.     i.       Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under Colorado or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to Colorado or federal law;

Seek to modify or obtain relief from any aspect of this Order; or

Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.  This Order shall not govern the use or

admissibility of any evidence at trial or the procedures for using such documents or information at trial.

1      12.      Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions.  Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information may be filed under the seal of the Court upon proper motion and order.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.  The Parties agree to cooperate to de-designate Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

2      13.      If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present.  The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter.  If any document or information designated as Confidential or Attorneys Eyes Only Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

3      14.      In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated

information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

4      15.      Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing Party, or, by agreement of the parties, destroyed, except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.

5      16.      If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

6      17.      The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

11

7        18.        All persons subject to the terms of this Order agree that this Court
shall retain jurisdiction over them for the purpose of enforcing this Order.


The foregoing STIPULATED PROTECTIVE ORDER is hereby **ADOPTED** and
Dated this 16th day of June, 2009.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge

SO STIPULATED:

| | |
|---|---|
| _s/_ Brian G. McConaty<br>Brian G. McConaty<br>Bradley G. Robinson<br>Robinson Waters & O'Dorisio,P.C.<br>1099 18th Street, 26th Floor<br>Denver, Colorado 80202<br>Telephone:  (303) 297-2600<br>Facsimile:  (303) 297-2750<br>E-mail: bmcconaty@rwolaw.com<br><br>**ATTORNEYS FOR PLAINTIFF** | _s/_ Neil E. Ayervais<br>Neil E. Ayervais<br>ALPERSTEIN & COVELL, P.C.<br>1600 Broadway, Suite 2350<br>Denver, CO 80202<br>Telephone: (303) 894-8191<br>Facsimile:  (303) 861-0420<br>E-mail: nea@alpersteincovell.com<br><br>**ATTORNEYS FOR DEFENDANT** |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned has been provided with a copy of the Protective Order entered in the case captioned *Denver NMR, Inc. v. Front Range Mobile Imaging, Inc.,*  Civil Action No. 08-CV-02695 REB-BNB, has had an opportunity to review the Protective Order, and is fully familiar with all of the terms of the Protective Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print name: _____

Address: _____

Date signed:_____

13