IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02695–KMT–BNB


DENVER NMR, INC.,

      Plaintiff,

v.

FRONT RANGE MOBILE IMAGING, INC.,

      Defendant/Third Party Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a Centura Health-St. Anthony North
Hospital.

      Third Party Defendant.

---

## ORDER

---

      This matter is before the court on Third Party Defendant Catholic Health Initiatives

Colorado d/b/a/ Centura Health-St. Anthony North Hopsital's (St. Anthony) "Motion to Stay"

("Motion") [Doc. No. 43, filed July 24, 2009].  Defendant Front Range Mobile Imaging, Inc.

("Front Range") filed a "Response in Support of Motion for Stay" on August 6, 2009 [Doc. No.

44] and  Plaintiff Denver NMR, Inc. ("DNMR") filed a "Response to Third Party Defendant's

Motion to Stay" ("Rsp.") on August 11, 2009. [Doc. No. 45].  St. Anthony filed a Reply on

August 26, 2009. ("Reply") [Doc. No. 48.]

St. Anthony requests this federal case be stayed pending further proceedings in several consolidated state cases now pending in the Denver District Court.

### *Background*

Litigation in three pending cases, including the one at bar, centers upon the interpretation of a 1990 Settlement Agreement ("1990 Agreement")  (Mot., Exh. B) entered into between St. Anthony and DNMR.  The 1990 Agreement included a Right of First Refusal, purportedly allowing DNMR to match any binding agreement entered into with a third party to own and operate an MRI facility or machine at St. Anthony Hospital-North should St. Anthony ever decide to incorporate such a facility on that campus.  (*Id*. at ¶ 2).   In 2006, St. Anthony entered into a contract with Total Healthcare, its affiliated entity, to own and operate an MRI facility on the North Campus and offered a right of first refusal to DNMR pursuant to the 1990 Agreement. (Mot. at 4; Rsp. at 3-4.)  DNMR objected to the terms of the Total Healthcare contract, claiming that the affiliation between St. Anthony and Total Healthcare violated the terms of the 1990 Agreement.  This disagreement resulted in the filing of  Denver District Cour, Case No. 2006CV8454.  Plaintiff DNMR sought declaratory and injunctive relief with respect to the St. Anthony/Total Healthcare contract provisions and their application to the 1990 Agreement.  (*Id.*)

A preliminary injunction was denied by the state court. (Rsp. at 5.)  However, subsequent to the hearing St. Anthony dissolved the agreement with Total Healthcare and requested and received a stay from the Denver District Court pending procurement of another MRI proposal. (Mot. at 5, Exh. E ;  Rsp. at 6.)  St. Anthony thereafter negotiated a contract with Front Range, defendant and third party plaintiff in this federal action, to provide MRI services at St. Anthony-

2

North Hospital.  (Mot. at 5.)  St. Anthony and Front Range assert they have no previous

involvement with one another and negotiated the agreement for MRI services in an arm's length

transaction.  (*Id.*)

St. Anthony thereafter presented the contract with Front Range to DNMR pursuant to the

right of first refusal in the 1990 Agreement.  (Mot. at 5; Rsp. at 6.)  DNMR claims it accepted the

offer and agreed to the Front Range contract terms, however insisted that its rights pursuant to the

1990 Agreement be preserved.  (Rsp. at 6.)  St. Anthony, by letter to DNMR, claims it agreed that

1) the duration of the Front Range contract (5 years) would not serve to terminate DNMR's rights

under the 1990 Agreement at the close of the five year term; 2) the integration clause in the Front

Range contract would not amend the 1990 Agreement; and 3) exercise of DNMR's rights with

respect to the Front Range contract would not constitute agreement to dismiss claims in the

pending Denver District Court case.  (Reply, Exh. P, letter dated May 7, 2007.)  Subsequent to

those concessions, St. Anthony requested full agreement from DNMR with the other terms of the

Front Range Agreement.  (*Id.*)  When DNMR allegedly did not otherwise "unequivocally and

unconditionally" agree to the proposal in the May 7, 2007 letter, St. Anthony declared that

DNMR had failed to exercise its right of first refusal and proceeded to perform its contract with

Front Range.  (Mot. at 5.)

Thereafter the stay was lifted in the Denver District Court case and St. Anthony moved for

summary judgment.  (Mot. at 5; Rsp. at 6.)  During the course of briefing, DNMR advised the

Denver District Court that "plaintiff will shortly file a motion for leave to further amend its

complaint to address the new developments initiated by the defendants [the Front Range contract]

3

. . . ." (Mot. at 5.)  The trial judge granted summary judgment in favor of St. Anthony on June 5, 2007, prior to an amended complaint being filed, finding that DNMR's claims related to Total Healthcare were moot and further finding that St. Anthony properly followed the terms of the right of first refusal in the 1990 Agreement by offering DNMR the opportunity to accept or reject the Front Range contract.  (Mot. at 6; Rsp. at 6.)  DNMR timely appealed the ruling of the District Court.

On December 11, 2008, after the Denver case had been pending on appeal for almost two years, DNMR filed suit against Front Range in this federal case, claiming that Front Range tortiously interfered with its contractual rights with St. Anthony pursuant to the 1990 Agreement by making false representations and committing fraud against DNMR.  (Compl. [Doc. No. 1]; Rsp. at 7.)

On February 12, 2009, the Colorado Court of Appeals reversed the Denver District Court's grant of summary judgment in favor of St. Anthony, finding that the Front Range contract and issues were not properly before the trial court given that no amended complaint concerning the Front Range contract had been filed and the opening brief on summary judgment did not address the Front Range contract.  (Mot., Exh. N at 8-10.)   In addition, the appellate court stated that the 1990 Agreement called for DNMR, upon receiving contractual notice, to "commence to provide the medical imaging functions or services described in the proposal, at the location identified in the proposal, within the time parameters specified" but did not "otherwise condition DNMR's exercise of its right of first refusal." (*Id.* at 14.)  The Court of Appeals concluded, "these terms cannot be interpreted or applied to permit SAH [St. Anthony] to breach or to act in

4

bad faith with regard to its obligations or DNMR's right under the settlement agreement." (*Id.* at 15.)  Before the Court of Appeals actually remanded the case, however, St. Anthony filed a motion for rehearing, temporarily staying the remand to the Denver District Court.  (Mot. at 6.)  On August 24, 2009, the mandate of remand was issued. (Reply, Exh. R.)

On February 13, 2009, the day after the court of appeals initial ruling, DNMR filed suit in Arapahoe County against St. Anthony claiming breach of contract "and tortious actions of CHIC[1] [St. Anthony] with respect to the [St. Anthony]-Front Range transaction.  (Rsp. at 8.)  St. Anthony did not respond in the Arapahoe County District Court case, filing instead a motion with the state court Panel on Consolidated Multi-District Litigation pursuant to Colo. R. Civ. P. 42.1 to consolidate the Arapahoe County action with the Denver action, and requested a stay from the Arapahoe County District Court.  (Mot. at 9; Rsp. at 8.)  The stay was granted.  (*Id.*)  On August 21, 2009, the Multi-District Panel determined that consolidation of the Denver and the Arapahoe cases was warranted and certified the actions to the Chief Justice, recommending that both cases be assigned to Hon. Anne Marie Mansfield in the Second Judicial District (Denver) for resolution.  (Reply, Exh. Q.)

*Analysis*

A motion to stay court proceedings is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

---

[1] DNMR generally references St. Anthony as CHIC.

docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.  *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.

"Considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts."  *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  However, the Supreme Court noted, " the general principle is to avoid duplicative litigation." *Id.*  "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).

In making the decision regarding a stay or dismissal of a concurrent federal action, the Tenth Circuit, in *Fox*, considered (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction.  *Id.* at 1082.  The Supreme Court in *Moses H. Cone* also considered whether either of the parallel actions was "vexatious or reactive" (*id*. at 18 n.20), "whether federal law provides the rules of decision" (*id*. at 23), and "the adequacy of the state court action to protect the federal plaintiff's rights" (*id*. at 28).  Generally, in considering the propriety of a stay under any circumstances, the court will consider "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006).

In weighing the factors concerning the propriety of a stay, I find that a stay of the federal action is appropriate here.

Central to resolution of all the cases before the state and federal courts is the question of the precise meaning of the right of first refusal provision in the 1990 Agreement, including the specific duties incumbent upon the parties.  The two parties to that Colorado contract are before the state court in the consolidated action.  The original state action which is now part of the consolidated proceedings was filed well before this federal action, albeit the federal action preceded the Arapahoe County case.  Further, contract interpretation is generally governed by the application of  state law.  See, i.e., *PayoutOne v. Coral Mortg. Bankers,* 602 F. Supp. 2d 1219,

1224 (D. Colo.2009) (it is a well established principle that in removal cases the Federal Court must apply the state law and the state policy to state claims such as breach of contract.); *Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 309 (10th Cir. 1950) (same).  It is appropriate that the Colorado state courts resolve this state law issue.  The Colorado Court of Appeals has even issued some directives concerning the contract provision in this very case, without, as of yet, fully resolving the matter.

The Plaintiff correctly points out that Defendant Front Range is not a party to the consolidated state action.[2]  While not conclusive, however, there is some evidence of forum shopping by DNMR which affects the court's consideration of this factor.  It is unclear why DNMR filed the Arapahoe District court case in lieu of amending its complaint and proceeding in the Denver District Court case, especially in light of the appellate court's ruling one day previous and DNMR's earlier declared intention to amend the complaint in the Denver District Court case.  DNMR claims the case was filed in Arapahoe County only because the CEO of St. Anthony was located on St. Anthony's North campus in Adams County at the time of service of process; I find this explanation dubious.  It is evident, in any event, that there would likely be little impediment to adding Front Range now to the newly consolidated state case.

It cannot be seriously disputed that the primary issue involved in the consolidated state case must be resolved before the Plaintiff can adequately pursue its claims against Front Range in any forum.  The claims against Front Range are for interference with the relationship of the

---

[2]Front Range has specifically filed its support of the Motion for Stay. [Doc. No. 44.]

parties to the 1990 Agreement.  The interpretation of the right of first refusal and the duties

incumbent upon the parties under the 1990 Agreement are of primary importance to the resolution

of all those claims.  As pointed out by the Plaintiff in its "Plaintiff's Response to Motion to Permit

First Amended Answer, Joinder of Additional Party and Cross-Claim" [Doc. No. 27 at ¶¶ 17-19]

there may be jurisdictional difficulties with the federal court fully resolving the issues between

Plaintiff and St. Anthony.

If the federal action were to proceed contemporaneously with the state consolidated

action, there is a very real possibility of inconsistent findings on the critical issue in all the cases.

If the federal action is stayed, disposition of the federal action, once the state-court adjudication is

complete, would be governed by preclusion law.  The Full Faith and Credit Act "requires the

federal court to "give the same preclusive effect to a state-court judgment as another court of that

State would give." *Exxon Mobil Corp. v. Saudi Basic Industries Corp*.,  544 U.S. 280, 293 (2005)

(quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)).  Therefore,

inconsistent findings would be avoided on the primary issue of contract interpretation between St.

Anthony and DNMR.

When there is parallel state and federal litigation, entry of judgment in state court is not an

automatic "bar to proceedings concerning the same matter in the Federal court having

jurisdiction." *McClellan v. Carland*, 217 U.S. at 282; accord *Doran v. Salem Inn, Inc*., 422 U.S.

922, 928 (1975).  Comity or abstention doctrines may, in various circumstances, permit or require

the federal court to stay or dismiss the federal action in favor of the state-court litigation;

however, properly invoked concurrent jurisdiction does not vanish if a state court reaches

judgment on the same or related question while the case remains *sub judice* in a federal court.

*Exxon,*., 544 U.S. at 292 (2005).

Therefore, there is no prejudice to DNMR in requiring that the state courts resolve the state law issues regarding contract interpretation prior to the adjudication of the federal action between DNMR and Front Range and between Front Range and St. Anthony should any unresolved claims remain.

Wherefore, it is ORDERED

Third Party Defendant Catholic Health Initiatives Colorado d/b/a/ Centura Health-St. Anthony North Hopsital's  "Motion to Stay" [Doc. No. 43] is GRANTED pending resolution of the consolidated action, currently captioned Case No. 09MDL04 in the Denver District Court. The parties are ORDERED to file a status report within ten days following judgment in the state consolidated action advising the Court of the particulars of the state court resolution and any proposed scheduling necessary in this federal action.

Dated this 8th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

10